# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY D. CHENOWETH,**
**Claimant Below, Petitioner**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0304**  (BOR Appeal No. 2050814)
            (Claim No. 950015117)

**ISLAND CREEK COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Gary D. Chenoweth, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Island Creek Coal Company, by George Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 8, 2016, in which the Board affirmed a September 15, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 5, 2015, decision denying a request for authorization of a referral to a pain clinic. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Chenoweth was employed as an underground coal miner and injured his back at work while loading a hydroseeder on September 15, 1994, and the claim was subsequently held compensable.[1] He underwent a laminectomy for the treatment of the compensable injury in 2000. Following the compensable injury, Mr. Chenoweth sought treatment with Gerard O'Loughlin, M.D., for chronic, stable lower back pain. On July 20, 2014, Mr. Chenoweth sought treatment at

---

[1] The record does not indicate which specific diagnosis or diagnoses were held compensable.

1

St. Joseph's Prompt Care amid complaints of lower back pain following a fall on wet grass at his home earlier the same day. He was diagnosed with acute and chronic lower back pain, and x-rays of his lumbar spine revealed severe degenerative changes. On July 21, 2014, Mr. Chenoweth again sought treatment with Dr. O'Loughlin, who opined that Mr. Chenoweth was experiencing chronic lower back pain secondary to the prior laminectomy and acute lower back pain secondary to a fall at home. On August 27, 2014, the claims administrator denied a request for authorization of physical therapy based upon its finding that the request arose from a fall sustained at Mr. Chenoweth's home.[2]

On October 13, 2014, Mr. Chenoweth was treated by Richard Vaglienti, M.D. Dr. Vaglienti noted that following the September 15, 1994, injury, Mr. Chenoweth's condition was stable until he fell on wet grass at his home in July of 2014. Dr. Vaglienti diagnosed Mr. Chenoweth with post-laminectomy syndrome and a lumbar sprain/strain. On January 21, 2015, Dr. O'Loughlin requested authorization for a referral to a pain clinic in order for Mr. Chenoweth to receive additional pain management care.

On February 5, 2015, the claims administrator denied Dr. O'Loughlin's request for authorization of a pain clinic referral based upon its determination that Mr. Chenoweth's medical records demonstrate that the request arises from a fall sustained at Mr. Chenoweth's home. In its Order affirming the claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that the request for a pain clinic referral is unrelated to the compensable September 15, 1994, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated March 8, 2016. On appeal, Mr. Chenoweth asserts that the evidence of record demonstrates that the requested referral to a pain clinic is necessary for the ongoing treatment of the September 15, 1994, injury.

The Office of Judges found that Mr. Chenoweth's treating physician, Dr. O'Loughlin, attributed Mr. Chenoweth's chronic lower back pain to a laminectomy performed for the treatment of the September 15, 1994, injury, but attributed Mr. Chenoweth's acute lower back pain to the July of 2014 fall at his home. Additionally, the Office of Judges found that the claims administrator previously denied a request for authorization of physical therapy based upon its finding that the request arose from the fall at Mr. Chenoweth's home in July of 2014. Moreover, the Office of Judges noted that Mr. Chenoweth did not appeal the claims administrator's denial of his request for authorization of physical therapy. Finally, the Office of Judges concluded that the evidence of record demonstrates that the July of 2014 fall on wet grass at Mr. Chenoweth's home precipitated the request for authorization of a pain clinic referral. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[2] This decision was never appealed to the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker